KÖRBER & Co., demandante y apelada, *v.* MARTHA F. CAUL, demandada y apelante.

No. 4250.—*Visto:* Junio 7, 1928. *Resuelto:* Julio 19, 1928.

*O. B. Frazer* y *R. Castro Fernández,* abogados de la apelante; *Jaime Sifre Jr.* y *Diego O. Marrero,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del bunal.

La demanda en este caso fué radicada en diciembre de 1922. Después de haberse declarado sin lugar una excepción previa, la demandada contestó en febrero de 1923. En el mes de septiembre, y próximo a dar comienzo el juicio, el abogado de la demandada solicitó la suspensión del mismo, retirándose del caso al declarársele sin lugar su moción. Entonces la demandante presentó su prueba en ausencia de la demandada, y la corte dictó sentencia a favor de la demandante el 18 de septiembre.

Posteriormente, la demandada utilizó los servicios de otro abogado, obtuvo una resolución dejando sin efecto la senten-

cia, y, el 28 de septiembre, radicó una contestación enmendada y una contrademanda.

Comenzaron entonces ciertas gestiones tendentes a una transacción. Nada hay que demuestre por cuánto tiempo se prolongaron esas gestiones. Nada hay que indique que fueran abandonadas definitivamente en momento alguno antes del próximo paso dado en el pleito por la corte, de propia iniciativa.

El 4 de febrero de 1927, el juez de distrito dictó una orden para que las partes mostraran causa por la cual no debía decretarse el archivo de la acción por abandono.

En respuesta de esta orden, el letrado de la demandante adujo una explicación más o menos perfunctoria, en forma de moción, la que no fué acompañada de una declaración jurada ni de documento alguno, y, el 19 de febrero, el pleito fué archivado.

El abogado de la demandante entonces presentó una moción de reconsideración y pidió que se reinstalara el caso. La moción iba acompañada de una declaración jurada tendente a explicar y excusar la demora.

La demandada apela de una resolución dejando sin efecto la orden de sobreseimiento y archivo y reinstalando el caso.

Aparece de la declaración jurada sobre que se basó la resolución apelada, que en julio de 1924 el abogado de la demandante se vió obligado a acompañar a su esposa en un viaje a Rochester, Minnesota, con el fin de someterla a una operación quirúrgica, y no volvió a Puerto Rico hasta octubre de ese año; que a su regreso, el abogado halló que era necesario prestar inmediata atención a otros asuntos de mayor urgencia; que él mismo se enfermó entonces, y que esa situación continuó hasta mayo del siguiente año, en que se vió imposibilitado de atender a sus asuntos profesionales o de negocios, y obligado a abandonar su bufete durante más de un año; que reanudó su trabajo pocos meses antes de la fecha de la orden para mostrar causa; que el declarante

había pasado tres meses de su ausencia en el Norte, y un período similar en Aibonito y en la Central Carmen, de Vega Alta; que esta ausencia prolongada de su oficina ocasionó una gran acumulación de trabajo que requirió su atención constante desde la fecha de su regreso a la oficina; que no pudo confiarle el asunto a ninguno de los abogados de su oficina, por ser el deponente el único familiarizado con el mismo, y que en su opinión, Körber & Co. tiene una buena causa de acción contra la demandada.

Si los abogados de la contrademandante hubiesen pedido el señalamiento de la excepción previa y de la moción para eliminar la contrademanda, y, después de haberse resuelto estas cuestiones, hubieran insistido en la celebración del juicio sobre los méritos del caso, la demandante, desde luego, se habría visto precisada, a fin de obtener una serie de suspensiones, a dar una explicación más fuerte que la que ofreció en su moción de reconsideración y apertura del caso. En verdad, el abogado de la demandante tendría poca razón para quejarse si la corte inferior hubiese denegado la moción últimamente aludida. Evidentemente, sin embargo, había circunstancias atenuantes, y un juez de distrito tiene una discreción muy amplia en asuntos de esta índole. Además, esa discreción siempre debe ejercerse en bien de la justicia substancial, y a favor del juicio sobre los méritos, en caso de que haya seria duda en cuanto a si a una parte debe dársele la oportunidad de ser oída.

Tomándolo todo en consideración, y especialmente la resolución anterior dejando sin efecto la sentencia original dictada a favor de la demandante, la radicación posterior de una contestación enmendada, de una contrademanda, de una excepción previa a tal contestación y de una moción para mostrar causa, no encontramos que el juez de distrito incurriera en un abuso de discreción tan clara que justifique la revocación.

*Debe confirmarse la resolución apelada.*